Our position in this case is reflected I think in the pleadings that we filed in the next case on the docket. Our position is identical to the position we've taken in motion to reset the briefing schedule in that case. I guess the sort of 600-pound elephant in the room is the REAL ID Act and its impact on this. Right. The REAL ID Act requires that this case be treated as a petition for review, and I think the parties agree on that. We believe, certainly, that the REAL ID Act is clear, that it requires that any pending habeas be treated as a timely filed petition for review. And the government, they agree. They seem to agree. They seem to agree that it has to be.  If a PFR would have been untimely at the time a habeas was filed under the prior law, is it your argument the REAL ID Act makes it timely? Yes. Because it explicitly says that. The REAL ID Act says that pending habeas cases are to be treated as a petition for review, but it goes on to say, except that, and this is in Section 106C of the REAL ID Act, except that Section 242B1, which is the provision that requires petitions for review to be filed within 30 days of a final order of removal, quote, shall not apply. So the filing deadline simply doesn't apply. Well, what I wonder, of course, is whether you are then left with a petition for review of the denial of the motion to reopen. Right. Which is based simply on ineffective assistance of counsel.  And I understand you're to be saying everything's open. Well, certainly the removal order itself, it seems to me, is open. Because the overall structure of the REAL ID Act, it seems to be granting review, in every other case, of the merits of the removal order. But you're right. On that question, I mean, there's an ambiguity, and I don't know how to resolve that except by resorting to, you know, your basic principles of statutory construction, which would say, you know, the ambiguities have to be resolved in favor of the alien and we have to interpret jurisdictional statutes in order to generally ensure that administrative action gets reviewed. I guess the — well, one of the many questions, and as you say, somebody's just going to have to decide these things and then we'll have some precedent on it, but is whether the petition for review basically is simply the habeas petition with a new caption on it. Right. And the subject matter is confined by the habeas petition. Right. And I think that's the government's position. But the problem with that, it seems to me, is that then you're not treating this case as a habeas or as a petition for review. You're simply calling it a petition for review. Well, if you're treating it as a petition for review, then I ought to reopen. Pardon me, Your Honor. We'd be treating it as a petition for review of the denial to reopen. We wouldn't be treating it as a petition for review of the original decision of the BIA denying asylum. The issues that we've raised with regard to ineffective assistance of counsel in the habeas, then those issues would not be before the Court. Is that what you're saying? I'm saying — what I'm saying, I guess, is that if we treat this as a petition for review, then the question that we have to ask the Court is whether the Board should have reopened because of ineffective assistance. And then if you win that, of course, you'll — it opens up everything, and you can petition after whatever the Board does what it does on reopening. The problem with that, Your Honor, is that the record in habeas that we compiled with regard to ineffective assistance of counsel and the lapsing of the 30-day period on filing a petition for review, it's not part of the administrative record. It's all part of a record that was compiled in habeas. And obviously, if we're going to treat it as a petition for review, we're limited to the administrative record. So if we construe it in that fashion, all the claims that we raised in the district court relating to ineffective assistance of counsel would not be properly before the Court. And you'd have to dismiss — you'd have to dismiss the habeas. I don't — I don't think that's what Congress intended. I mean, it seems to me that the plain language says that this has to be treated as a timely filed petition for review. And I understand that the purpose of the REAL ID Act is to streamline judicial review. And in that respect, I think my construction, our construction here of the REAL ID Act is perfectly consistent with that purpose. Because I think you have to keep in mind that up until the date that the REAL ID Act was enacted, aliens and other circuits who were denied the right of direct review because of the ineffective assistance of counsel, they could go into district court in habeas and challenge the Second Circuit, Third Circuit, and in the Tenth Circuit. And what Congress did here, it seems to me, is they eliminated that problem. In Second Circuit, Third Circuit, Tenth Circuit, and there may have been other circuits, but those three, it seems to me, were clear. Aliens who had been denied the right of direct review had two tiers. They could go to habeas, and if they lost, they could appeal. So they essentially had two tiers of review, and Congress eliminated that. But it seems to me the price that Congress paid for eliminating that is that there's a small group of aliens in this circuit, you know, the Volkova petitioners who were denied direct review who are going to get somewhat a broadened review. They're going to actually get what they were asking for in their habeas. That is, they're going to get review on the merits of the removal order. So it seems to me it's sort of a compromise that Congress struck. In order to achieve the overall streamlining of judicial review, there's this small subset of cases, these two cases included, where these aliens are going to get slightly broader review. So I think it makes perfect sense to construe it that way, and certainly it's consistent with the plain language of the statute, which requires that we treat it as a petition for review. And I think that any other construction would mean essentially that the habeas petitions that are filed under Volkova would have to be dismissed. And essentially I'm concerned that those individuals would not have any access, at least no statutory right, to judicial access to raise those ineffective assistance of counsel claims. And so that construction, it seems to me, also would possibly implicate the suspension clause of the Constitution. Because if we're going to dismiss this case, we're going to — if the court's not going to be able to entertain the ineffective assistance of counsel claims that we're raising, then there's no judicial forum in which we can raise them at this point, because Congress has eliminated habeas. And that would implicate the suspension clause, it seems to me, because we have a constitutional issue that there has to be some forum in which we can raise it. It's too late now to make a — But what you have to do, I guess, is make your record and the motion to reopen. Right. And that's the government's position. The problem with that is that — and that might make sense for cases from here on. But the problem with that is that those of us that were filing petitions for writ of habeas corpus under Dieringer, we relied on Dieringer and, in fact, the board's own position that it would not reissue. Well, Dieringer said we didn't have to make a motion to reopen where we were denied the right of direct review for ineffective assistance of counsel occurring after the board rendered its decision. And the board agreed with that. They said in the 28-J letter that we submitted to the court recently, this decision called Yotes, the board says they don't have the authority to cure ineffective assistance of counsel that occurs after it rendered its decision. You pretty much said it in your own — Yeah. So we didn't make a motion to reopen. But now to tell us we have to go make a motion to reopen, well, that leaves us without a remedy, because any motion we file at this point is untimely, certainly untimely. And so our only recourse then is to go back to district court and say, hey, you've got a suspension clause problem here, and you have to entertain our constitutional claim, because there has to be a forum someplace. Okay. We have a few minutes for rebuttal. Mr. Olson. Good morning, Your Honors. Edward Olson from the U.S. Attorney's Office in San Francisco on behalf of the Respondents. I'd like to first address the panel's question about how the REAL ID Act applies to this case, and then explain if the panel construes this case as a petition for review, why the panel has to deny the petition for review. So as the panel is aware, the President signed the REAL ID Act on May 11th. And in the REAL ID Act, Congress was explicit in saying that only courts of appeals have jurisdiction to review removal orders, and district courts no longer have jurisdiction by habeas or otherwise to review removal orders. And there's a provision in the Act called the transfer provision, which provides that for cases pending in district court on the date of enactment challenging a removal order, the court shall transfer the case to the court of appeal, and the court of appeals shall treat the case, and this is a quote, as if it had been filed pursuant to a petition for review. And it further provides that the normal 30-day time period within which to file a petition for review shall not apply. And although by its terms, that transfer provision doesn't address explicitly the situation in which an appeal is pending on the date of enactment, the Department of Justice is taking the position that for cases in which the appeal is pending on the effective date, this Court should treat the case as a petition for review. So I think the Petitioner's counsel and the Department of Justice are in agreement that this Court should treat the case as a petition for review. If the Court didn't, the other option the Court would have would be to say that, well, Congress has eliminated habeas jurisdiction, therefore, the only recourse for this Court is to dismiss the case. And in light of the general presumption in favor of judicial review, and to avoid an absurd result, the Department of Justice is taking the position that rather than dismiss the case, the Court treat the case as a petition for review. That being said, that's not to say that the alien, the Petitioner in this case, should be allowed to start over. The Department is taking the position. Well, what record are we working on? Well, I think if you treat the case as a petitioner for review, you're confined to the administrative record. But I think in this case, that's not an injustice to the alien, because the alien had a remedy at the outset, and that was to file a motion to reopen alleging ineffective assistance of counsel. Now, the alien did that, but that motion to reopen was confined to the alleged ineffective assistance of counsel by former attorney Bruce Burns and not filing a motion to reopen to pursue adjustment of status. That motion didn't say anything in terms of Bruce Burns' alleged ineffective assistance of counsel and not filing a petition for review. He had that opportunity, could have raised that claim.  If that claim had been made, he would be here in court on a single case. We wouldn't have this habeas petition. Oh, come on. Now, of course we wouldn't have this habeas petition, but the only reason we have this problem is not because of what they did, but because of what the government did in saying it's all going to be a petition for review now. Right? What's to stop us from sending it back to the Board of Immigration Appeals and say, you guys make a complete and full record here? Yeah. I think if he had followed the proper procedure and filed a motion to reopen and given the Board an opportunity to look at this claim, he could have asked the BIA, you know, whether it was my fault or whether it was Bruce Burns' fault. Yeah. That's talking about what if, but I want to talk about with what is. Well, I think you are confined by the fact that a petition for review were confined to the administrative record. And if we're confined to the administrative record, there's absolutely no evidence of ineffective assistance of counsel at all. Would a grant of relief on the first case we heard argued moot this case? I don't think so, Your Honor, because if you granted relief on the first case, you would, I guess, remand the case to the Board of Immigration Appeals to look at the motion to reopen that Mr. Jobe has filed. And in that motion to reopen, he's asking for the opportunity to apply for adjustment of status. That wouldn't really affect the underlying removal order, which is really what the Petitioner is seeking the panel to do in this case, is to say he received ineffective assistance of counsel by not filing a petition for review, and therefore, he wants the opportunity to attack the underlying removal order. That's not what he's seeking in the first case. In the first case, he's saying, assuming the validity of the underlying removal order, what I want you to do, Board of Immigration Appeals, is to give me a green card, adjust my status. So I don't think that a disposition in the first case affects the second case. In a nutshell ---- Are you going to suggest to us that we ignore the second case and whatever has been alleged in the second case when deciding the first case, and then ignore all of the record that has been made here because basically we're deciding the first case again? It sounds like you want us to do an awful lot of ignoring. You know, one of the things that the Department of Justice is intended to do is to do justice. Ignoring facts is not necessarily doing justice. I understand that, Your Honor. And I take that very seriously. That's part of our mission. What I'm saying here is that the Petitioner was aware of this alleged ineffective assistance of counsel in not filing a petition for review, you know, years ago, back in 19 ---- back in 2002, and then waited until, you know, a week or two before he's being removed, before he tries to do anything about it. And even at that date, he still had the opportunity to raise this claim and would be here. And we wouldn't be saying that he's waived this opportunity to raise that kind of claim because he would have raised it to the BIA. And even if the BIA denied his motion, he could come to this Court and say the Board of Immigration Appeals erred by denying my motion to reopen. I've developed a record. It's clear that Bruce Burns didn't file this petition for review on my behalf. I, therefore, lost my ability to come to this Court. We'd be here with a proper administrative record. The problem is he didn't do that. And so this Court is being asked to review an undeveloped record with nothing but his affidavit. We don't have a response from Bruce Burns. We don't have the Board of Immigration Appeals. And the reason that we're being asked to do that is because of the passage of the Real ID Act. I don't ---- I don't think so, Your Honor. I don't think the passage of the Real ID Act was a mistake. Was it totally improper for Mr. Job to file the habeas at the time that he filed  the habeas? Yeah. The position of DOJ at the time he filed the habeas is that, no, his proper ---- it is the same argument I'm raising today. We haven't switched ---- we haven't changed the ball or whatever the expression is. We ---- our position from the outset is that he should file a motion to reopen. That position is the same regardless of the passage of the Real ID Act. And if I could just briefly address one thing about the Real ID Act, is that although I think it's fair to construe this case as a petition for review and say it's a timely petition for review under the plain language, that doesn't mean that he's able to raise an entirely new claim. The only claim that's been raised in this case is ineffective assistance of counsel. What Mr. Job is seeking is an opportunity to file a brief addressing the merits of the immigration judge's asylum order. That's an entirely new claim. So although we agree that it should be treated as a PFR, an entirely PFR, the Court should only review the claims that have been raised from the outset. It's not ---- it's not ---- it shouldn't be viewed as a windfall to the alien to raise an entirely new claim. Not a trap door either. Excuse me, Your Honor? It's not a trap door either. I would agree. It shouldn't be viewed as a trap door. One question I have, which is perhaps not raised here, is suppose that you ---- you have an alien who makes a timely petition to reopen on ineffective assistance grounds or something, and then it's denied, and his attorney fails to petition in timely fashion to this Court. And if the only thing we have is a petition for review, we're confined to the administrative records. We're going to have nothing about that. And it's something that the Board won't address, apparently. What do we do? Do we appoint a special master to determine whether there was ineffective assistance in failing to petition this Court on time or what? I think what I would suggest to the Court in that situation is that the alien file another motion to reopen with the Board of Immigration Appeals. And although generally the Board of Immigration Appeals says you only get one motion to reopen and you've squandered that and it's late, the BIA under this Court's case law is required to apply the doctrine of equitable tolling and say, if you can establish that the reason you're filing another motion to reopen, asking us essentially to reissue our decision so that then you can go to the Ninth Circuit, if you're saying that the reason you're filing this late motion to reopen and a second motion to reopen is because your attorney was ineffective, the Board is required to, assuming you've established that, consider that motion to reopen. The Board could then say, well, we denied your motion to reopen. Apparently, your attorney didn't tell you about it or put it in the shredder. But therefore, you've lost your ability to come to this Court. We'll reissue our decision. And therefore, now you can come to the Court. I think that's what the answer is. Kennedy. Or if they refuse to do it, you've had an opportunity to get some sort of record. Then I think if the Court says no, excuse me, if the Board of Immigration says no, you haven't established equitable tolling, you can still come to this Court and say, the Board erred by rejecting my equitable tolling argument. And this Court could say, I know it sounds. And then we have the thing that you were objecting to. We have one size affidavits, period. Right? In this case, we have only the declaration of the alien. It's the same thing, you're saying? Yeah. It's just throwing in something else. And by the way, is the guy in detention now? My understanding is he's not in detention. I don't know about Mr. Job.  Okay. Thank you for your argument, Mr. Olson. Rebuttal? It's just on the issue of remedy, Your Honor, and whether the first case would root out the second case. I agree with Mr. Olson that it wouldn't. But my thinking on this is that if the first petition is granted, then the case goes back to the Board. But I don't think the Court can order the Board to reopen, grant the motion to reopen. Because the problem is that, you know, our position is the Board didn't bring its independent judgment to bear on the issues that were raised by the Immigration Service. So I think the Court would have to find the motion to reopen timely, reverse that part of the Board's decision, remand it back to the Board, telling the Board that you have to bring your own independent judgment to bear on these issues that the Immigration Service has raised. But then if they grant the motion at that point, this second case becomes moot. Okay. Thank you. The case just argued will be submitted for decision. Thank both counsel for their arguments. And before we let Mr. Jobe go, we'll argue Amrit Singh's case.
judges: Canby, Hawkins, Duffy